UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MYRLANDE VOLMAR,

                      Plaintiff,

             -against-

COLD SPRING HILLS CENTER FOR NURSING
AND REHABILITATION,

                      Defendant.

-------------------------------------------------------------X

**ORDER**
CV 07-1418 (JS)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application dated November 9, 2007, seeking to compel the plaintiff to respond to the defendant's First Set of Interrogatories and First Request for the Production of Documents served on the plaintiff on August 2, 2007. The defendant also seeks to compel the plaintiff to provide it with automatic disclosure pursuant to Fed. R. Civ. P. 26(a)(1). The defendant's application is granted as unopposed. The plaintiff shall respond to all outstanding requests and provide the defendant with her automatic disclosure by December 21, 2007. Failure to do so may result in the imposition of sanctions, including, among other things, a recommendation that the case be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b). The plaintiff is advised that Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

      A review of the docket sheet indicates that the court's scheduling order was returned as undeliverable despite the fact that it was sent to the post office box provided to the court by the plaintiff. Accordingly, a copy of this order, along with an additional copy of the scheduling order, will be mailed to the plaintiff at the address set forth on the complaint rather than her post office box. The plaintiff is directed to contact the clerk's office and to provide it with her current mailing address.

Dated: Central Islip, New York
       November 27, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge