```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MYRLANDE VOLMAR,

                              Plaintiff,
                                                                    ORDER
              -against-                                             CV 07-1418 (JS)(ARL)

COLD SPRING HILLS CENTER FOR NURSING
AND REHABILITATION,

                              Defendant.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

On December 21, 2007, the plaintiff filed a letter with the court requesting that the case be remanded to Nassau County Supreme Court and that certain discovery deadlines be extended. The motion for a remand will be addressed by District Judge Seybert. The undersigned will, however, address the plaintiff's request for a discovery extension and the defendant's opposition to that request, which was set forth in the letter to Judge Seybert dated December 28, 2007.

In her December 21st letter, the plaintiff indicates that she needs "an extension until January 25, 2008 to work in the document Mandatory Initial Disclosure" and states that a set of Interrogatories and Discovery is due February 7, 2007. Additionally, the plaintiff asks the court to remove any irrelevant questions from the document request, but has not stated which questions she finds irrelevant. The defendant objects to the request for an extension arguing that it would be extremely unfair to provide the plaintiff with an additional extension given that her initial disclosures are already five months overdue and her discovery responses are four months overdue. The court agrees.

To date, the plaintiff has not produced any discovery. The defendant's have already been forced to incur the expense associated with a motion to compel and the plaintiff was previously warned by the court that her failure to respond to outstanding requests and to provide the defendant with her automatic disclosure by December 21, 2007 could result in a recommendation that the case be dismissed for failure to prosecute. Nonetheless, given the plaintiff *pro se* status, the court will provide the plaintiff one final opportunity to comply with this court's November 27th order. The plaintiff shall respond to all outstanding requests and provide the defendant with her automatic disclosure by January 18, 2008. Failure to do so will result in a recommendation that the case be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b).

The defendant, who has received no discovery, has requested a sixty day extension of the discovery deadlines should the plaintiff be given any additional time to respond to outstanding discovery. That request is granted. All discovery, inclusive of expert discovery, shall be completed by April 7, 2008. Any party planning on making a dispositive motion shall take the

first step in the motion process by April 21, 2008.  The final conference scheduled for March 11, 2008 is adjourned to April 30, 2008 at 11:00 a.m.

Dated: Central Islip, New York    **SO ORDERED:**
       January 3, 2008

                                                                        _____/s/_____
                                                       ARLENE R. LINDSAY
                                                       United States Magistrate Judge