UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MYRLANDE VOLMAR,

                           Plaintiff,                   **ORDER**

          -against-                                    CV 07-1418 (JS)(ARL)

COLD SPRING HILLS CENTER FOR NURSING
AND REHABILITATION,

                           Defendant.

----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the *pro se* plaintiff's March 13, 2008, request to compel the defendant to respond to her Interrogatories served on the defendant on February 20, 2008. To begin with, the defendant's time to answer the Interrogatories had not expired as of the date of the application, and thus, was not ripe. In addition, the defendant has moved to strike the Interrogatory except for Nos. 4, 18 and 23. The Interrogatory adopts the exact questions that were served on the plaintiff and as such are for the most part nonsensical as applied to the defendant. The defendant does acknowledge, however, that questions 4, 18, and 23 may be subject to a reasonable interpretation as directed to the defendant. With respect to questions 4 and 18, the defendant shall provide the plaintiff with a written response identifying which documents provided in automatic disclosure respond to the question 4 and, with respect to question 18, that it has not yet determined whether it will call an expert. With respect to question 23, the defendant shall respond to question 23 only with respect to claims of disability discrimination asserted against it from June 2005 to date.

      Also before the court is the defendant's motion for sanctions and its request for an extension of the discovery deadlines. The defendant seeks "dismissal, preclusion, contempt and attorneys' fees" based on the plaintiff's repeated failure to respond to the defendant's discovery requests. The plaintiff has repeatedly been warned by the court that her failure to comply could result in sanctions including a recommendation that the complaint be dismissed or that evidence be precluded. Despite these warnings, the defendant claims that the following discovery responses remain deficient:

      1. The plaintiff has not provided a computation of the damages she claims to have suffered pursuant to Fed. R. Civ. P. 26 (a)(1)(A)(iii);

      2. The plaintiff has not signed her answers to the Interrogatories as required by Fed. R. Civ. P. 33 (b)(4);

      3. The plaintiff has not identified which medical test/exam she believes resulted in the defendant learning that she was HIV positive;

4. The plaintiff did not respond to Interrogatory Nos. 2, 4, 5, 7, 8, 9, 10, 11, 12, 18, 20, 22 & 23. Instead she responded that "a copy is attached," but did not attach any documents;

5. The plaintiff objected to Interrogatories No. 3 and 21 but did not state the basis of her objection;

6. The plaintiff will not reveal which of her five health care providers has treated her for HIV or for her alleged physical and mental anguish in connection with this or her previous discrimination lawsuit;

7. The plaintiff will not provide information about her concurrent or subsequent employment; and

8. The plaintiff has served the defendant with nine documents, but has not indicated which requests they relate to or whether she has any other documents in her possession;

Although the plaintiff has previously advised the court that she has "provided all she can," the plaintiff must provide the defendants with a computation of her alleged damages, spelling out what she believes is owed her as a result of this claim. Plaintiff must also answer the interrogatory questions noted in writing and provide any relevant attachments. If responses are not given by April 14, 2008 the plaintiff will be subject to the following sanctions:

1) Plaintiff will not be permitted to call at trial any witnesses she has failed to identify in response to question 4;

2) If plaintiff fails to respond to questions 5, 6,7, 8, 9, 10,11 and 12 she will precluded from testifying at trial as to what she believes are the true reasons for those suspensions. Plaintiff is cautioned that this will make it difficult if not impossible to prove her case;

3) If plaintiff fails to sign her interrogatories they will be deemed signed and defendant may treat them as such;

4) If plaintiff fails to identify expert witnesses in response to question 18, she will be precluded from calling any experts;

5) If plaintiff does not identify sources of income responsive to questions 19 and 20 she will be precluded from seeking front pay or other compensatory damages;

6) Plaintiff is directed to specify which of the 5 health care providers identified in the authorizations treated her for physical and mental anguish as described in question 15, 16 and 17. I f plaintiff does not provide this clarification she may be precluded from seeking such damages in this case; and

2

7) Plaintiff is directed to answer question 1 which is at the heart of her claim. If plaintiff does not disclose the specifics of the provider and/or test which she claims was disclosed to the defendants and which forms the basis for her claim she will not be permitted to introduce this evidence at trial. This court cautions the plaintiff that if she does not provide this response it will be virtually impossible for plaintiff to prove her claim at trial.

The sanctions noted above will undoubtedly severely compromise plaintiff's ability to prosecute this action and because of this she is strongly advised to provide the necessary responses by April 14 in order to avoid the sanctions specified. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Finally, the defendant's request for an extension of the discovery deadlines is granted. The plaintiff shall appear for her deposition on or before April 25, 2008. Any party planning on making a dispositive motion shall take the first step in the motion process by May 28, 2008. The final conference scheduled for April 30, 2008 is adjourned to July 2, 2008 at 11:00 a.m.

Dated: Central Islip, New York  
      March 31, 2008

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge